IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BYRON SCOTT, )
)
Plaintiff, )
)
v. )   Case No. CIV-06-725-HE
)
COMANCHE COUNTY )
DETENTION CENTER, *et al.*, )
)
Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff Byron Scott is a state inmate complaining about the conditions of his confinement. The Court should summarily dismiss the action without prejudice for failure to plead exhaustion of available administrative remedies.[1]

Mr. Scott claims that officials had ignored his "emergency grievance" for protection, resulting in an attack by fellow inmates. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 2 (July 3, 2006) ("Complaint").

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). "[T]he [Prison Litigation Reform Act] exhaustion requirement requires proper exhaustion" of the prison's

---

[1]      The Court can address the exhaustion issue *sua sponte*. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210-11 (10th Cir. 2003).

administrative remedies,[2] and the prisoner must plead compliance.[3]  When the prisoner fails to comply with this duty for even a single claim, the Court must ordinarily dismiss the entire action.  *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-90 (10th Cir. 2004).

Under the Oklahoma Department of Corrections ("DOC") grievance policy, an inmate must initially attempt informal resolution of the complaint.[4]  *See* Inmate/Offender Grievance Process, OP-090124 at p. 5 (eff. Oct. 11, 2005).  If informal communication does not resolve the issue, the inmate must file a request to staff.  *See id.* at pp. 5-6.

If the dispute remains unresolved, the inmate can file a grievance.  *See id.* at pp. 6-7.  The DOC policy dictates that if a complaint cannot be resolved through a grievance or if the grievance goes unanswered for 30 days, the inmate should proceed to the administrative review authority.  *See id.* at p. 8.  Exhaustion is complete only when the inmate seeks relief through the administrative review authority.  *See id.* at pp. 10-11.

The Plaintiff has not alleged that he has taken any of the necessary steps concerning the:

- failure to heed his request for protection, or

---

[2]    *Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 2387 (2006).

[3]    *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-11 (10th Cir. 2003).

[4]    Mr. Scott's documents reflect the need to follow the DOC grievance policy.  *See* Complaint, Attachment 1 at p. 3 (instructing the Plaintiff to follow the guidelines listed in DOC OP-090124).  This policy is subject to judicial notice.  *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) ("This court can take judicial notice of agency rules and regulations."); *accord Morrow v. Collins*, 111 F.3d 374, 375 (5th Cir. 1997) (*per curiam*) ("We take judicial notice of the recently established [Texas Department of Criminal Justice] procedures . . . .").

- the subsequent attack by fellow inmates.

As a result, the entire action should be dismissed[5] without prejudice.[6]

Mr. Scott may object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any such objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is September 14, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object to this report and recommendation would constitute a waiver of the Plaintiff's right to appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon affirmance or waiver of the right to appeal,[7] the suggested dismissal would count as a "prior occasion" for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (2000).[8]

The referral to the undersigned is terminated.

---

[5]  *See supra* p. 2.

[6]  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) ("A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice.").

[7]  *Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("A district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal.").

[8]  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) (stating that a dismissal for nonexhaustion "may constitute a strike for purposes of 28 U.S.C. § 1915(g)" (citation omitted)).

Entered this 24th day of August, 2006.


_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge